IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-379-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL ANTONIO GATLING, ) | |
| ) | |
| Defendant. ) | |

On May 7, 2021, Michael Antonio Gatling ("Gatling" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 61]. On August 2, 2021, Gatling, through counsel, filed a memorandum in support [D.E. 64]. On August 16, 2021, the government responded in opposition [D.E. 67]. As explained below, the court denies Gatling's motion.

I.

On May 20, 2019, pursuant to a written plea agreement, Gatling pleaded guilty to possession of a firearm and ammunition by a felon. See [D.E. 38, 40]. On August 28, 2019, the court held Gatling's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See PSR [D.E. 44]; [D.E. 49]; Sent. Tr. [D.E. 57] 4; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Gatling's total offense level to be 21, his criminal history category to be IV, and his advisory guideline range to be 57 to 71 months' imprisonment. See Sent. Tr. at 5. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Gatling to 57 months' imprisonment. See id. at 5–17; [D.E. 51]. The court also announced that even if it

miscalculated the advisory guideline range, it would impose the same sentence as an alternative variant sentence. See Sent. Tr. at 18. On September 11, 2019, Gatling appealed. See [D.E. 49]. On January 6, 2020, the United States Court of Appeals for the Fourth Circuit granted Gatling's motion to voluntarily dismiss the appeal. See [D.E. 59, 60].

On May 7, 2021, Gatling moved for compassionate release. See [D.E. 61]. On August 16, 2021, the government responded in opposition. See [D.E. 67].

II.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the

2

safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021), cert. denied, No. 21-5624, 2021 WL 4733616 (U.S. Oct. 12, 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section]

---

percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

In his motion for compassionate release, Gatling states that he has satisfied the exhaustion requirement. See [D.E. 61] 1; [D.E. 64] 2. On December 7, 2020, Gatling applied to the warden of USP Yazoo City for compassionate release. See id. After more than 30 days elapsed without Gatling receiving a response, he moved for compassionate release from this court. See [D.E. 61]. Therefore, Gatling has met the exhaustion requirement and the court addresses his motion on the merits. Cf. United States v. Muhammad, 16 F.4th. 126, 130 (4th Cir. 2021).

Gatling seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Gatling cites the COVID-19 pandemic, the spread of COVID-19 within the Bureau of Prisons ("BOP"), his health conditions, his rehabilitation efforts, and his release plan. See [D.E. 64] 2–7.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially

5

diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Gatling argues that his history of smoking and his health conditions including a heart murmur, high blood pressure, and asthma put him at heightened risk of serious infection from COVID-19. See [D.E. 64] 4; [D.E. 64-2] 7. Gatling references studies about the severity of COVID-19, the effect of certain conditions on that risk, and the difficulty of controlling COVID-19 in prison. See [D.E. 64] at 3–4. Gatling, however, refused the COVID-19 vaccine. See [D.E. 64-2] 20; cf. United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred."); see also United States v. Baeza-Vargas, No. No. CR-10-00448-010-PHX-JAT, 2021 WL 1250349, at *2–4 (D. Ariz. Apr. 5, 2021) (collecting cases showing the "growing consensus" of district courts that "have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances"). Gatling has provided no medical or other reason why he cannot receive the COVID-19 vaccine. Moreover, Gatling had an asymptomatic COVID-19 infection in December, 2020, and now has natural antibodies from COVID-19. See [D.E. 67] 19; [D.E. 64-2] 3–4, 17. The natural antibodies further reduce his risk.

Beyond generalized arguments about the spread of COVID-19 within the federal facility at USP Yazoo City, Gatling does not argue he is unable to manage his health conditions while incarcerated or that the BOP is not treating his conditions. Gatling's BOP medical records do not show that he currently requires active treatment for asthma or high blood pressure. See id. at 1–2, 5, 8–10, 17. He is not prescribed an inhaler and his blood pressure was normal when tested at his physical. See id. Arguments based on generalizations about the spread of COVID-19 in prison have

6

considerably less force given the current conditions at USP Yazoo City and BOP's extensive efforts to control and contain COVID-19. See Bureau of Prisons, BOP's COVID-19 Response, https://www.bop.gov/coronavirus/overview.jsp#bop_covid-19_response (last visited Dec. 17, 2021).[2] Accordingly, reducing Gatling's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Gatling's health conditions, his efforts at rehabilitation, and his release plan are compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Gatling offers a release plan that includes staying with his wife and children and seeking employment. See [ [D.E. 64] 2,7. Additionally, the wide availability of COVID-19 vaccines and Gatling's natural antibodies greatly diminish the risk to Gatling from COVID-19. Cf. Broadfield, 5 F.4th at 803; Baeza-Vargas, 2021 WL 1250349, at *2–4. Regardless, the section 3553(a) factors counsel against reducing Gatling's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Gatling is 40 years old and is incarcerated for possession of a firearm and ammunition by a felon. See PSR ¶¶ 1–5; [D.E. 51]. Gatling illegally possessed a firearm whose serial number had

---

[2]As of December 17, 2021, USP Yazoo City has reported zero current inmate confirmed test positives, one staff positive, 245 inmate recoveries, and two inmate deaths. See https://www.bop.gov/coronavirus (last visited Dec. 17, 2021).

7

been removed. See PSR ¶¶ 8, 51. At the same time he possessed marijuana with intent to distribute. See PSR ¶ 9. Gatling also has a violent and prolonged criminal history. See id. ¶¶ 14–24. Gatling has convictions for breaking and entering, robbery with a dangerous weapon, attempted second degree rape, failure to register as a sex offender, felony manufacturing marijuana, and felony maintaining a dwelling or place for controlled substances. See id. ¶¶ 14–18. Gatling also has performed poorly on probation and supervision. See id. ¶¶ 14–17. While on supervision, Gatling has violated curfew, failed to pay court indebtedness, failed to report as directed, failed to obtain or maintain employment, failed to answer inquiries, failed to comply with treatment, failed to register as a sex offender, tested positive for illicit drug use, and committed new criminal conduct. See id. ¶¶ 16, 18.

Gatling has made some positive efforts while incarcerated. See [D.E. 64] 7. For example, he enrolled in a culinary arts program. See [D.E. 64] 7. Gatling has also satisfied his financial obligations to the court. See id. Gatling also has a clear disciplinary record while incarcerated. See [D.E. 64-3].

The court must balance Gatling's positive efforts with his serious criminal conduct and horrible criminal history, his poor performance on supervision, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). The court also has considered Gatling's potential exposure to COVID-19, his medical conditions, his rehabilitative efforts, and his release plan. The court recognizes that Gatling plans to return to live with his wife and children if released. See [D.E. 64] 2, 7. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Gatling's

8

arguments, the government's persuasive response, the need to punish Gatling for his serious criminal behavior, to incapacitate Gatling, to promote respect for the law, to deter others, and to protect society, the court denies Gatling's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 61].

SO ORDERED. This 17 day of December, 2021.

JAMES C. DEVER III
United States District Judge